**Gerald J. PULASKI, Petitioner-Appellee,**

v.

**Michel A. SKAFF, Warden, Wisconsin State Reformatory, Respondent-Appellant.**

**No. 15978.**

United States Court of Appeals Seventh Circuit.

June 7, 1967.

Bronson C. LaFollette, Atty. Gen. of Wisconsin, William A. Platz, Asst. Atty. Gen., Madison, Wis., for appellant.

Francis J. Demet, Milwaukee, Wis., for appellee.

Before HASTINGS, Chief Judge, and KILEY and SWYGERT, Circuit Judges.

PER CURIAM.

Respondent Michel A. Skaff, Warden, Wisconsin State Reformatory, has appealed from an order entered September 30, 1966, by the United States District Court, Eastern District of Wisconsin, Honorable John W. Reynolds presiding, granting a petition of Gerald A. Pulaski for a writ of habeas corpus as to his conviction and sentence on seven counts of burglary in the county court of Ozaukee County, Wisconsin.

Petitioner pleaded guilty on May 5, 1961 in the municipal court of Milwaukee County, Wisconsin, to three charges of burglary, and was thereupon sentenced on October 13, 1961 to three concurrent indeterminate terms of not more than eight years imprisonment in the state prison. The district court denied Pulaski's petition for a writ of habeas corpus as to these Milwaukee County convictions. This denial has not been challenged by petitioner and it is not before us on this appeal.

In Pulaski v. State, 23 Wis.2d 138, 126 N.W.2d 625 (1964), cert. den., 379 U.S. 862, 85 S.Ct. 124, 13 L.Ed.2d 65 (1964), the Wisconsin Supreme Court, on a writ of error reviewed an order denying Pulaski's motion for a new trial on the Milwaukee County charges. After condemning certain actions of Wisconsin law enforcement officers in their treatment of Pulaski, the court found no error in denying the motion for a new trial.

In Pulaski v. State, 24 Wis.2d 450, 129 N.W.2d 204 (1964), cert. den., 380 U.S. 919, 85 S.Ct. 913, 13 L.Ed.2d 803 (1965), the Wisconsin Supreme Court in effect affirmed Pulaski's conviction on the Ozaukee County charges.

The district court, after an extended evidentiary hearing, in which all material witnesses were heard, found and determined that two confession statements made by Pulaski on May 10, 1961, following five prior voluntary statements, were improperly admitted into evidence against Pulaski, over his objection, for the reason that such May 10, 1961 confessions were coerced and involuntary. The district court further found that the admission of these coerced confessions in the Ozaukee County trial was in violation of Pulaski's "Fourteenth Amendment" rights and deprived him of a fair trial.

The district court also took into consideration the questionable search and seizure of evidence; the thirty-six hour incommunicado holding of Pulaski; the use of Pulaski as a state witness and police informer over a period of five months (resulting in clearing and closing over 100 other pending criminal files) under the pretext of a deal while Pulaski was awaiting sentencing on the Milwaukee County charges; and the failure to consolidate the Ozaukee County charges with the Milwaukee County charges (as impliedly promised) which would have protected Pulaski from the subsequent Ozaukee County prosecution.

Further, it appears there was credible evidence showing the use of oral and written statements taken outside the presence of Pulaski's counsel after a complaint and detainer were on file; the denial of an attorney for purposes of a preliminary hearing; and the linking up and contamination of the five prior confession statements by the introduction of the coerced May 10, 1961 statements.

In general, most of the questions raised by respondent on this appeal concern the determination of credibility of witnesses and the weight to be given their testimony. We see no justifiable reason here to warrant our invading the province of the trier of the facts.

After a careful review of the record, the briefs and oral argument, we are convinced there is ample support in the record to justify the issuance of the writ of habeas corpus in question here. The applicable federal constitutional guarantees are well known and need no further citation in this memorandum.

We express deep gratitude to Francis J. Demet, a reputable member of the Milwaukee Bar, for his outstanding service without compensation, as court-appointed attorney for petitioner in the hearing in the district court and on this appeal.

The judgment order of the district court appealed from herein is affirmed.

Affirmed.