**UNITED STATES ex rel. Patrick J. O'NEILL, Petitioner-Appellant,**

**v.**

**John C. BURKE, Warden, Wisconsin State Prison, Respondent-Appellee.**

**No. 16020.**

United States Court of Appeals Seventh Circuit.

June 20, 1967.

John E. Coons, Chicago, Ill., for appellant.

Bronson C. LaFollette, Atty. Gen., Thomas A. Lockyear, Asst. to Atty. Gen., Madison, Wis., William A. Platz, Asst. Atty. Gen., Madison, Wis., for appellee.

Before CASTLE, SWYGERT and CUMMINGS, Circuit Judges.

CUMMINGS, Circuit Judge.

Petitioner has appealed from an order denying his petition for habeas corpus. The District Court required the respondent to file an answer to the petition. Because the petitioner had supposedly exhausted his state remedies and apparently believing the state proceedings to be inadequate, the District Court ordered an evidentiary hearing in accordance with Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770.

At the evidentiary hearing, the testimony disclosed that petitioner is an inmate of the Wisconsin State Prison in Waupun, Wisconsin, serving sentences imposed by the County Court, Racine County, Wisconsin, upon petitioner's plea of guilty to 11 counts of burglary.

In support of reversal, petitioner charges that for various reasons his guilty plea was accepted in violation of the due process clause of the Fourteenth Amendment. Petitioner also charges that the state violated the due process clause by not supplying "mitigating" evidence to the sentencing court. The pertinent facts will be discussed under these contested issues.

### Validity of Guilty Plea

█ Petitioner first asserts that the guilty plea must be invalidated because he did not understand the risks. It is well settled that a guilty plea normally operates to waive all objections unless the plea was not entered understandingly and voluntarily. United States ex rel. Staples v. Pate, 332 F.2d 531, 533 (7th Cir. 1964), certiorari denied, Staples v. People of State of Illinois, 358 U.S. 851, 79 S.Ct. 78, 3 L.Ed.2d 84; United States v. French, 274 F.2d 297, 299 (7th Cir. 1960). It seems true that petitioner and his then counsel hoped the trial court would commit petitioner to the Central State Hospital for psychiatric treatment. However, it developed that the Wiscon-

sin statutes do not permit such commitment here.[1] In any event, after a prisoner's reception at the Wisconsin State Penitentiary, he would be sent to Central State Hospital if he needed psychiatric care. In fact petitioner was sent there subsequent to being sentenced on these offenses. The record does not show that petitioner would not have filed a guilty plea if he were aware that the trial judge would have to sentence him to the State penitentiary. No state official led petitioner to expect only hospitalization. No such reservations were expressed by petitioner upon arraignment, and his counsel had previously explained the seriousness of the charges to him. He knew he could receive a ten-year prison term upon each of the eleven counts. We agree with the District Court that the record does not show the guilty plea was conditioned on commitment to the Central State Hospital.

█ Petitioner asserts that his guilty plea was induced by Officer Christianson's "promise" that the charges would be "consolidated". Christianson testified that the word "consolidated" would only be used by him if some burglaries had been committed in the County of Racine and others in another county, thus permitting consolidation pursuant to Section 956.01(13) of the Wisconsin statutes. The charges against defendant were for burglaries committed in Racine County, and no question of consolidation of crimes committed in several counties was involved. Before petitioner was sentenced, the trial judge ascertained that no promises or representations of leniency or preferential treatment had been made, apart from an agreement to issue no more warrants. Petitioner does not contend that this agreement was broken. His pre-sentence reference to this one agreement indicates there were no others, and the District Court obviously did not believe petitioner's testimony that he was told he would receive only a 10-year sen-

---

1. If petitioner had qualified for probation, psychiatric treatment could have been ordered. He had previously been an inmate of the Green Bay Reformatory and later served time in the State prison.

tence. Apart from his discredited evidence, there is nothing in the record to show that his guilty plea was induced by a promise of such sentence.

■■ Petitioner next argues that his guilty plea was invalid because he had been detained for a week without counsel before confessing to these burglaries. Petitioner was arrested early in the morning on November 22, 1961, and was advised of his right to remain silent and of his right to counsel. He did not request counsel. His November 29 confession was prompted by the post search-warrant discovery of a safe buried in a relative's back yard. This safe had been taken from Christiano's Grocery in Racine, Wisconsin. After discovery of the safe, petitioner requested that a Racine police officer interview him. Thereupon, petitioner admitted to 11 burglaries in the Racine area including that at Christiano's Grocery. We have examined the transcript of the evidentiary hearing on this petition for habeas corpus and have ascertained that petitioner's claim of super-interrogation was repeatedly denied by other witnesses. The trial judge decided that their testimony was credible and that petitioner's was not. Furthermore, on December 1, 1961, petitioner's father and his sister Peggy Echeverria employed C. James Heft as his counsel. Instead of repudiating his confession, petitioner at once admitted his guilt to Mr. Heft. Petitioner was represented by retained counsel when his guilty plea was entered on December 5.

Although petitioner seemingly now questions the validity of his confession, the judgment on his guilty plea is not rendered invalid even if the confession were made under circumstances that might have rendered it inadmissible if he had pleaded not guilty and had gone to trial. This is because a judgment and sentence after a plea of guilty are based solely upon that plea. Therefore, an illegally obtained confession cannot ordinarily be made the basis for a collateral attack upon a judgment of conviction entered upon that guilty plea. United States v. French, 274 F.2d 297, 299 (7th Cir. 1960) ; Busby v. Holman, 356 F.2d 75, 77–78 (5th Cir. 1966).[2]

■ Petitioner next contends that the trial court was without jurisdiction, on the ground that petitioner pleaded guilty to an invalid information. Even though the information was dated December 5, 1961, the same day as the hearing at which petitioner pleaded guilty, his counsel, Mr. Heft, testified that on December 1, he had examined the District Attorney's file concerning petitioner and thereafter discussed all the charges with petitioner, who acknowledged his guilt. Heft also testified that on December 5, before the guilty plea was entered, he discussed the 11 counts with petitioner. In these circumstances, it cannot be said that the information was invalid merely because it might not have been prepared until the day of the arraignment and plea. It is immaterial that the information was based in part on a concededly invalid complaint. Pillsbury v. State, 31 Wis.2d 87, 94, 142 N.W.2d 187, 190–191 (1966). In addition, under Wisconsin law petitioner waived any defect as to jurisdiction over his person by pleading guilty. State ex rel. Wojtycski v. Hanley, 248 Wis. 108, 113, 20 N.W.2d 719, 721 (1945). Non-jurisdictional defects in an information are not open to collateral attack. United States v. Kniess, 264 F.2d 353, 357 (7th Cir. 1959).

In sum, we conclude that petitioner has not shown the invalidity of his guilty plea.

### Failure to Disclose Evidence

■ Petitioner's final point is that before the January 5, 1962, sentencing of petitioner, the State should have disclosed general practitioner Dr. Bliwas' report of petitioner's December 24 jail illness and

2. Even where there is a guilty plea, the admission into evidence of a coerced and involuntary confession before the state trial court would violate the Fourteenth Amendment, Pulaski v. Skaff, 379 F.2d 538 (7th Cir. 1967).

possible psychosis.[3] Even though a failure to disclose material evidence is sometimes fatal (United States v. Poole, 379 F.2d 645, (7th Cir. 1967)), the failure to disclose Dr. Bliwas' report to the sentencing judge did not violate petitioner's due process rights. The trial judge and petitioner's counsel had already received Dr. Bacon's psychiatric report about the petitioner's mental condition,[4] and they had also been informed that petitioner had been hospitalized on December 24. Therefore, the failure to disclose Dr. Bliwas' report did not result in prejudice to petitioner. Moreover, this point was not raised in the Wisconsin courts. Under 28 U.S.C. § 2254, petitioner must exhaust his state remedies with respect to this point before it may be considered in the federal courts.[5]

Two days after the ruling in this case, the same District Judge granted a writ of habeas corpus in another proceeding involving somewhat similar claims. In so doing, the court was motivated by credible evidence in behalf of that petitioner. Pulaski v. Skaff, 379 F.2d 538 (7th Cir. 1967). The *Pulaski* decision shows that this District Judge is willing to issue the writ when justified. Here he found no credible evidence to support the writ.

John E. Coons, Esq., of the Illinois bar and of the faculty of the Law School of Northwestern University, was court-appointed counsel for petitioner in this Court. We are grateful to Mr. Coons for the excellence of his services.

Petitioner has not succeeded in undermining the credibility findings of the District Court. In this case, they are controlling. The judgment is affirmed.

3. This report, as summarized by the Probation and Parole Agent, does not indicate that petitioner had been using phenobarbital between the time of his arrest and guilty plea. As the District Court found, the record does not show that petitioner was taking phenobarbital while in the Racine city jail. Cf. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770.

4. The record shows that Mr. Heft had employed Dr. Bacon to examine petitioner

before sentences were imposed. Since Dr. Bacon found petitioner sane, this reinforced Mr. Heft's previous accession to petitioner's guilty plea. Dr. Bacon's report doubtless carried weight with the sentencing judge as well.

5. This point was also not raised in the District Court and may not be asserted here for the first time. United States v. Miroff, 353 F.2d 481, 483–484 (7th Cir. 1965).