**Henry Edward SMITH, Petitioner-Appellant,**

**v.**

**Elmer CADY, Respondent-Appellee.**

**No. 71-1066.**

United States Court of Appeals, Seventh Circuit.

Oct. 5, 1971.

John A. Stocking, Petrie, Stocking, Meixner & Zeisig, Milwaukee, Wis., for petitioner-appellant.

Robert W. Warren, Atty. Gen., Mary V. Bowman, Asst. Atty. Gen., Madison, Wis., for respondent-appellee.

Before HASTINGS, Senior Circuit Judge, and PELL and SPRECHER, Circuit Judges.

SPRECHER, Circuit Judge.

Henry Edward Smith petitioned for habeas corpus upon the principal ground

that he was denied the right to counsel at a juvenile jurisdiction waiver hearing.

When the petitioner was 13 years old, he was committed to the Waukesha Boys School by the Children's Court for purse snatching and was paroled after serving ten months. When he was 15 years old, he was recommitted to the Boys School for burglary and again paroled in 1961 after serving nine months. In 1962, when he was 17 years old, he was apprehended with two other defendants, Jackson and Brent, for masked robbery with a gas pellet gun of a Milwaukee delicatessen, the burglary of a formal-wear company and operation of an automobile without the owner's consent. At that time the petitioner admitted to approximately 30 other burglaries and participation in about 30 other automobile thefts, all of which took place in a six-month period from June to December of 1962.

On December 28, 1962, juvenile court jurisdiction was waived by the Milwaukee County Court, Children's Division, at a hearing where the petitioner was not represented by counsel. However, Jackson, one of the petitioner's juvenile accomplices, was represented by an attorney who cross-examined several of the witnesses. Thereafter Jackson, the petitioner and Brent, another juvenile accomplice, were all waived out of the Children's Division after the court determined that it was not in the best interests of the public that the matters pending against those three juveniles be heard in the juvenile court. All three had previously appeared before the Children's Division on two or three other occasions.

The petitioner, Jackson and Brent were each represented by separate counsel of considerable experience when they appeared before the adult court on February 9, 1963. The record reflects detailed interrogation by the court as to voluntariness, understanding, possible coercion or threats, education, nature of the charges and range of possible sentences. The court then accepted the guilty pleas of the three defendants, whereupon testimony was taken from a police officer regarding the offenses charged. The district attorney advised the court of the petitioner's other burglaries and automobile thefts and said that "it would be the desire of the State to include those in the testimony on the condition that the State would not issue further warrants." This was stipulated to in open court by petitioner's counsel and petitioner admitted this additional criminal activity.

Petitioner was sentenced on February 9, 1963, to the Wisconsin State Reformatory for an indeterminate term of not more than 15 years for the robbery, an indeterminate term of not more than ten years for the one burglary charged and an indeterminate term of not more than five years for the operation of an automobile without the owner's consent. The 15- and ten-year sentences were to run consecutively, but concurrently with the unexpired portion of any commitment remaining to be served for violation of parole from the Boys School. The five-year sentence was to run concurrently with the longer sentences.

On March 13, 1968, the petitioner was convicted of a robbery committed on August 26, 1967. He was sentenced for an indeterminate term of five years to be served concurrently with the remainder of the 1963 sentences.

Petitioner challenged only the 1963 convictions and sentences on the grounds that no notice of his initial detention was given to his parents, that he was not informed of his rights and that he was not represented by counsel in the waiver proceedings.

The Supreme Court of Wisconsin denied petitioner's plea for habeas corpus on April 9, 1970. The federal district court denied the petition for habeas corpus on December 2, 1970, but certified that probable cause existed for appeal. The district court was "of the opinion that this is not a proper case for determining the difficult question of the retrospectivity of *Kent*;" he denied the

petition solely on the ground of waiver, stating:

> "The court notes from the record that petitioner was represented in the adult proceedings by counsel known to this court as an experienced, competent attorney. The trial court made full inquiry into the juvenile record, providing fair opportunity to challenge the propriety of the waiver of juvenile court jurisdiction had counsel or petitioner believed that the waiver was not in petitioner's interest or that of the public."

We agree with the district court.

The Supreme Court of the United States decided Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84, on March 21, 1966, construing the District of Columbia Juvenile Court Act [1] to require as a condition to a valid waiver by the juvenile court of jurisdiction over a child "a hearing, including access by his counsel to the social records and probation or similar reports which presumably are considered by the court, and to a statement of reasons for the Juvenile Court's decision" (page 557, 86 S.Ct. page 1055). The Court observed that the right to representation by counsel "is of the essence of justice" (page 561, 86 S.Ct. page 1057).

The Supreme Court decided In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L. Ed.2d 527, on May 15, 1967, concluding that "the Due Process Clause of the Fourteenth Amendment requires that in respect of proceedings to determine delinquency which may result in commitment to an institution in which the juvenile's freedom is curtailed [that is, adjudicatory proceedings as contrasted with waiver proceedings], the child and his parents must be notified of the child's right to be represented by counsel retained by them, or if they are unable to afford counsel, that counsel will be appointed to represent the child" (page 41, 87 S.Ct. page 1451).

The Court of Appeals for the Fourth Circuit has observed, "Whether Gault and Kent, taken together, form a constitutional imperative as to juvenile waiver proceedings is not self-evident." Kemplen v. Maryland, 428 F.2d 169, 173 (4th Cir. 1970). In view of the conclusion we reach that petitioner was afforded the due process required under the circumstances of this case, we need not consider the broader impact of Kent and Gault, nor the question of their retroactive applicability to the 1962 proceedings in this case.

Instead we affirm the district court on the basis of McMann v. Richardson, 397 U.S. 759, page 774, 90 S.Ct. 1441, page 1450, 25 L.Ed.2d 763 (1970), where the Supreme Court said:

> "It is no denigration of the right to trial to hold that when the defendant waives his state court remedies and admits his guilt, he does so under the law then existing; further, he assumes the risk of ordinary error in either his or his attorney's assessment of the law and facts. Although he might have pleaded differently had later decided cases then been the law, he is bound by his plea and his conviction unless he can allege and prove serious derelictions on the part of counsel sufficient to show that his plea was not, after all, a knowing and intelligent act."

Although the petitioner was not represented by counsel in the hearing in the juvenile court when the petitioner was "waived out" to the adult court, counsel

---

1. The Court said at page 556, 86 S.Ct. at page 1054: "This concern * * * [that the child gets neither the protections accorded to adults nor the solicitous care and regenerative treatment postulated for children] does not induce us in this case to accept the invitation to rule that constitutional guaranties which would be applicable to adults charged with the serious offenses for which Kent was tried must be applied in juvenile court proceedings concerned with allegations of law violation. The Juvenile Court Act and the decisions of the United States Court of Appeals for the District of Columbia Circuit provide an adequate basis for decision of this case, and we go no further." (footnote omitted)

was appointed for him by the adult court on January 24, 1963. The Wisconsin Supreme Court in denying the petition for habeas corpus found, "The petitioner was represented by competent counsel." The federal district court found that "petitioner was represented in the adult proceedings by counsel known to this court as an experienced, competent attorney." On February 9, 1963, neither petitioner nor his counsel objected in any way to the juvenile court waiver proceedings or to the jurisdiction of the adult court and instead pleaded guilty to the three charges then before the court. The court interrogated the petitioner to determine his understanding and the voluntary nature of his plea. The guilty plea upon the three charges was made with knowledge by the petitioner and his counsel that "the State would not issue further warrants" upon the 30 other burglary charges and the 30 other automobile theft charges. Although in 1963 petitioner's counsel did not know that juveniles were constitutionally entitled to counsel in juvenile court, he did know what the probable comparative results would be for the petitioner in the juvenile court and in the adult court and he did know that the Wisconsin Children's Division permitted the appearance of counsel since the record of the waiver hearing in that court showed that the petitioner's codefendant Jackson actually had counsel. Thus he knew that he could continue to represent the petitioner if he persuaded the adult court to return the proceedings to the juvenile court. He decided against that course.

■ Under Wisconsin law, ".* * * even the claim of a constitutional right will be deemed waived unless timely raised in the trial court." Bradley v. Wisconsin, 36 Wis.2d 345, 359, 153 N. W.2d 38, 44 (1967). In United States ex rel. O'Neill v. Burke, 379 F.2d 656, 659 (7th Cir.), cert. denied, 389 U.S. 876, 88 S.Ct. 173, 19 L.Ed.2d 163 (1967), Judge Cummings said:

"In addition, under Wisconsin law petitioner waived any defect as to jurisdiction over his person by pleading

guilty. State ex rel. Wojtycski v. Hanley, 248 Wis. 108, 113, 20 N.W.2d 719, 721 (1945). Non-jurisdictional defects in an information are not open to collateral attack. United States v. Kniess, 264 F.2d 353, 357 (7th Cir. 1959)."

■ The petitioner was accorded his federal constitutional rights. Cf. Acuna v. Baker, 418 F.2d 639 (10th Cir. 1969).

The judgment of the district court denying the petition for habeas corpus is affirmed.