Frank J. BROWN, Jr., Petitioner-Appellant,

v.

WISCONSIN STATE DEPARTMENT OF PUBLIC WELFARE, Respondent-Appellee.

No. 18414.

United States Court of Appeals, Seventh Circuit.

Feb. 17, 1972.

Robert H. Friebert, Milwaukee, Wis., for petitioner-appellant.

Lee Edward Wells, Asst. Dist. Atty., Milwaukee, Wis., Robert W. Warren, Atty. Gen., Dept. of Justice, Madison, Wis., E. Michael McCann, Dist. Atty., Milwaukee, Wis., William A. Platz, Asst. Atty. Gen. of Wis., for respondent-appellee.

Before MAJOR * and HASTINGS, Senior Circuit Judges, and PELL, Circuit Judge.

HASTINGS, Senior Circuit Judge.

This is an appeal by petitioner Frank J. Brown, Jr. from the denial of his petition for a writ of habeas corpus by the federal district court. The procedural background of this case will place the issues on this appeal in proper perspective.

Brown was charged and found guilty in the circuit court for Milwaukee County, Wisconsin, of the illegal use of narcotic drugs without a prescription in violation of § 161.02(3), Wis.Stats.[1] He was represented by court appointed counsel, was tried to the court without a jury and was sentenced on his conviction to an indeterminate term of not more than four years imprisonment in the state prison at Waupun, Wisconsin. He was represented on appeal by court appointed counsel and his conviction was affirmed by the Supreme Court of Wisconsin. State v. Brown, 25 Wis.2d 413, 414–415, 130 N.W.2d 760 (1964),[2] holding inter alia that § 161.02(3) was constitutional and that its criminal sanctions did not violate his protection against the infliction of cruel and unusual punishment guaranteed by the Eighth Amendment of the Federal Constitution. See State v. Rice, 37 Wis.2d 492, 155 N.W.2d 116 (1967), cert. denied, 393 U.S. 878, 89 S.Ct. 180, 21 L. Ed.2d 152 (1968) and Browne v. State, 24 Wis.2d 491, 129 N.W.2d 175, 131 N. W.2d 169 (1964).

While his state court conviction was pending on appeal, Brown filed a habeas petition in the Wisconsin Supreme Court asserting generally the same grounds raised on his appeal with the additional contention that evidence obtained during an illegal search and seizure was improperly received in evidence at his trial. The search and seizure issue was remanded to the state trial court for an evidentiary hearing. Following such hearing, the trial court upheld the validity of the search and seizure, with written findings and conclusions. The Wisconsin Supreme Court denied the habeas petition.

Thereafter, Brown filed the instant federal habeas petition raising a variety of issues. He was represented by court appointed counsel. Following the filing of an amended petition, the closing of issues, the filing of briefs, a pretrial con-

---

* Senior Circuit Judge Major, whose death occurred on January 4, 1972, heard oral argument, but did not participate in the adoption of this opinion.

1. This section reads: "No person shall take or use narcotic drugs habitually or excessively or except in pursuance to a prescription for permitted use as described in this chapter. The unlawful possession of narcotic drugs by a person or of a hypodermic syringe or needle, except when possessed by a diabetic, shall be prima facie evidence of the unlawful use of such drugs. Any person violating this subsection shall be imprisoned not more than 5 years. The judge of the court wherein said person was convicted, may, if said person requires treatment, commit him to some appropriate institution under the control of the department of health and social service for treatment not exceeding 5 years."

2. That court held, inter alia at 415, that § 161.02(3) "was constitutional and did not make drug addiction as such a crime." The court further "pointed out the section established three offenses: (1) The habitual use, (2) the excessive use, and (3) a use except pursuant to a prescription." The court also stated that Brown "was not charged with either excessive or the habitual use of narcotics but was so charged and convicted of a use not pursuant to a prescription. * * * [and that] * * * it is not necessary to prove habitual or excessive use because the defendant was not so charged."

ference and an extensive evidentiary hearing, the district court denied the petition and filed a well-considered memorandum opinion. Represented by court appointed counsel, Brown has appealed. We affirm.

On this appeal, petitioner has raised three issues: (1) is § 161.02(3) unconstitutional because it constitutes cruel and unusual punishment when applied to a heroin addict; (2) was evidence of needle marks on petitioner's forearm obtained in violation of his right to be secure against unreasonable searches and seizures; and (3) was his confession, admitted into evidence, taken in violation of his constitutional rights.

I

■ In his federal habeas petition Brown did not raise the Eighth Amendment issue concerning cruel and unusual punishment. The first time this issue was presented in the federal proceedings was by way of petitioner's brief and on oral argument in our court. Since this issue was not raised in the district court by pleading, brief or oral argument, in accordance with well established principles of appellate review it may not now be asserted here for the first time. United States ex rel. O'Neill v. Burke, 7 Cir., 379 F.2d 656, 660 n. 5 (1967); United States v. Miroff, 7 Cir., 353 F.2d 481, 483–484 (1965); United States ex rel. Springle v. Follette, 2 Cir., 435 F.2d 1380, 1384 (1970), cert. denied, Springle v. Zelker, 401 U.S. 980, 91 S.Ct. 1214, 28 L.Ed.2d 331 (1971); United States ex rel. Bishop v. Rundle, 3 Cir., 437 F.2d 204, 206 (1971); and McCutcheon v. Beto, 5 Cir., 327 F.2d 228 (1964).

■ In his federal habeas petition Brown raised the issue of whether the Wisconsin statute, § 161.02(3) was violative of his Fourteenth Amendment right to due process of law in that the trial court was vested with absolute discretion to determine whether the convicted narcotics user should receive treatment or incarceration, there being no statutory standard provided for determining this question. The district court properly rejected this issue on the ground that petitioner had never presented it to the Wisconsin state courts and had therefore not exhausted his state court remedies as required by 28 U.S.C.A. § 2254(b).

II

■ Petitioner's second contention is that evidence of needle marks found on his arms was obtained in violation of his Fourth Amendment right to be secure against unreasonable searches and seizures. At an evidentiary hearing on this issue before the circuit court for Milwaukee County, the court found that petitioner was wearing a short-sleeved shirt at the time of his arrest for motor vehicle violations and the needle marks and scabs were readily visible to the arresting officers, and were properly admitted in evidence. This was affirmed in State v. Brown, *supra*. By virtue of 28 U.S.C.A. § 2254(d), the *factual* determination by the state courts that there had been no illegal search is presumed correct, unless circumstances stated in that section are established. After reviewing the record and hearing additional evidence, the district court found that petitioner had failed to meet the burden of proof placed upon him by that section and had not established any circumstances which would overcome the statutory presumption. Townsend v. Sain, 372 U.S. 293, 318, 83 S.Ct. 745, 9 L.Ed. 2d 770 (1963); United States ex rel. Robinson v. Pate, 7 Cir., 312 F.2d 161, 162 (1963), cert. denied, 373 U.S. 943, 83 S.Ct. 1553, 10 L.Ed.2d 698. We agree.

III

Finally, Brown contends that his confession to Milwaukee police that he had recently used heroin in Milwaukee, Wisconsin was involuntarily given. This issue was fully discussed by the Wisconsin Supreme Court in his appeal. State v. Brown, 25 Wis.2d at 415–417, 130 N.W. 2d 760. This evidence was admitted at trial without objection. No motion to suppress the confession was made at trial. Brown testified in substance that

he had used heroin during the time in question but that such use took place *only in Chicago,* Illinois and not in Milwaukee. Thus, it appears that trial strategy was to admit most of the confession to be true, but to dispute the place where the injections were received. This became a credibility determination and, there having been a bench trial, we cannot now say the trial court was in error in believing the officers rather than Brown.[3] Petitioner waived a known right after full consideration by himself and his counsel.

Furthermore, Brown presented no new evidence to the district court to refute the conclusions of the courts in Wisconsin that this was a valid confession. He failed to discharge the burden of proof pursuant to § 2254(d), *supra,* and the factual determinations made by the state courts are presumed to be correct.

The denial of petitioner's habeas writ by the district court is affirmed.

Affirmed.

---

**3.** The Wisconsin Supreme Court noted in 25 Wis.2d at 416, 130 N.W.2d at 762: "After both parties had rested, the trial court said the case involved 'purely a matter of credibility' and the defendant's credibility was impeached by virtue of prior convictions."