THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN CLAUSER, Defendant-Appellant.

Third District   No. 78-299

Opinion filed June 29, 1979.

Ronald L. Hamm, of Peoria, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (John X. Breslin and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE SCOTT delivered the opinion of the court:

This is an appeal by John Clauser, the defendant, from an order of

the circuit court of Peoria County which denied his motion for discharge on the grounds of double jeopardy.

The defendant was indicted for the offense of unlawful delivery of a controlled substance. During the trial by jury of the defendant and after the State had presented nearly all of its evidence it became apparent to the court and counsel that certain agents of the State had lied to the grand jury which had indicted the defendant. The trial court indicated that adequate and proper evidence had been produced to sustain a conviction but concluded that the indictment against the defendant was defective and that the trial should be terminated. The trial court terminated the proceedings, however, whether termination was in the nature of an acquittal, mistrial or dismissal of the indictment is a matter of contention between the defendant and the State.

The defendant was subsequently reindicted for the same offense, tried, convicted and sentenced to a term of imprisonment of not less than six nor more than 18 years.

In this appeal it is the contention of the defendant that the trial court improperly denied his motion to dismiss his reindictment on the grounds that double jeopardy had attached.

■■■ The double jeopardy contention of the defendant is not well taken. Our United States Supreme Court in the case of *United States v. Scott* (1978), 437 U.S. 82, 93, 57 L. Ed. 2d 65, 75-76, 98 S. Ct. 2187, 2195,[1] stated the law to be as follows:

> "Where, on the other hand, a defendant successfully seeks to avoid his trial prior to its conclusion by a motion for mistrial, the Double Jeopardy Clause is not offended by a second prosecution. 'A motion by the defendant for mistrial is ordinarily assumed to remove any barrier to reprosecution, even if the defendant's motion is necessitated by a prosecutorial or judicial error.' [Citation.] Such a motion by the defendant is deemed to be a deliberate election on his part to forego his valued right to have his guilt or innocence determined before the first trier of fact."

In *Scott* the court made it clear that whether the termination of a trial is labeled a mistrial or something else is irrelevant. What is determinative is whether the dismissal was the result of insufficient evidence to prove the defendant's guilt or whether it was based on nonfactual grounds. 437 U.S. 82, 96-97, 57 L. Ed. 2d 65, 78, 91 S. Ct. 2187, 2196-97. See also *United States v. Martin Linen Supply Co.* (1977), 430 U.S. 564, 51 L. Ed. 2d 642, 97 S. Ct. 1349.

In the instant case the record clearly establishes that the defendant's

---

[1] The double jeopardy clause of the Fifth Amendment is applicable to the States through the Fourteenth Amendment. *Benton v. Maryland* (1969), 395 U.S. 784, 23 L. Ed. 2d 707, 89 S. Ct. 2056.

first trial was terminated at his request and because of his claim that the indictment against him had not been returned properly and not because of any assertion by him that the evidence adduced was insufficient to convict him.

The defendant argues that he was subjected to double jeopardy since certain provisions of section 3—4(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 3—4(a)(1), (2), (3)) are applicable to the scenario of events which occurred in his first and second trials. It is not necessary to set forth the alleged applicable statutory provisions since in order to support the defendant's argument as to their applicability it must be conceded that the first trial was terminated by the granting of a motion for acquittal. Regardless of the label attached to the defendant's motion, the granting of it did not result in an acquittal. The ruling of the trial judge terminating the first trial did not represent a resolution either correctly or incorrectly of some or all of the factual elements of the offense charged. (See *United States v. Martin Linen Supply Co.* (1977), 430 U.S. 564, 97 S. Ct. 1349, 51 L. Ed. 2d 642.) We cannot agree that the defendant was subjected to double jeopardy as defined by the statutory provisions of our Criminal Code.

The double jeopardy issue presented in this appeal falls clearly within the purview of the *Scott* case (*United States v. Scott* (1978), 437 U.S. 82, 57 L. Ed. 2d 65, 98 S. Ct. 2187). The termination of the proceedings was not based on the merits of the case. The termination was made at the insistence of the defendant. The defendant cannot under such circumstances successfully claim that a reindictment and subsequent trial subjected him to double jeopardy.

For the reasons stated the judgment of the circuit court of Peoria County, and the sentence imposed thereon is affirmed.

Affirmed.

STENGEL and BARRY, JJ., concur.