**UNITED STATES of America ex rel.
John CLAUSER,
Petitioner-Appellant,**

v.

**George P. SHADID, Sheriff, and Tyrone Fahner, Attorney General of Illinois,
Respondents-Appellees.**

No. 81–1250.

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 10, 1981.

Decided May 7, 1982.

Rehearing Denied June 11, 1982.

Julius Lucius Echeles, Chicago, Ill., for petitioner-appellant.

Theodore A. Livingston, Mayer, Brown & Platt, Chicago, Ill., for respondents-appellees.

Before PELL and CUDAHY, Circuit Judges, and GRANT,* Senior District Judge.

PELL, Circuit Judge.

Petitioner John Clauser appeals the district court's denial of his petition for habeas corpus. His primary argument on appeal is that the district court erred in concluding that his retrial and resulting conviction were permissible under the double jeopardy clause of the Fifth Amendment. Clauser also claims that he was deprived of effective assistance of counsel at the appellate level, enumerating several alleged errors in his trial which were not raised on his direct appeal to the Illinois Appellate Court. The respondents urge that Clauser failed to exhaust his state remedies as to the errors allegedly resulting from the inadequacy of his appellate counsel.

I.

Clauser was indicted along with two others for delivery of more than thirty grams of a substance containing cocaine. During the ensuing trial, Officer Brignadello testified that he had not personally witnessed certain events involving Clauser but had learned of them from another officer. Brignadello admitted, however, that he had testified to personal observation of these events before the grand jury because the officer who actually witnessed them was unavailable to testify. Clauser and his codefendant Jones moved for judgment of acquittal, believing there was insufficient

evidence to convict them.[1] By this time, the State had presented the bulk of its case. The trial judge denied the motion for acquittal but dismissed the indictment, indicating his belief that no valid conviction could be based on an indictment returned on the basis of perjured grand jury testimony.

Clauser and Jones were reindicted. Both moved for dismissal of the indictment and discharge on the grounds of double jeopardy. The trial court granted Jones' motion but denied that of Clauser.[2] Clauser was retried and convicted for the same offense.

Clauser took a direct appeal of his conviction to the Illinois Appellate Court. He was represented by the same counsel who had defended him at trial. Only the double jeopardy question was raised on appeal. The court upheld the conviction, *People v. Clauser*, 73 Ill.App.3d 145, 29 Ill.Dec. 368, 391 N.E.2d 793 (1979), *cert. denied*, 446 U.S. 908, 100 S.Ct. 1833, 64 L.Ed.2d 260 (1980). Leave to appeal to the Illinois Supreme Court was denied as was Clauser's petition to the United States Supreme Court for a writ of certiorari.

II.

At the outset, we consider the State's claim that the petitioner has failed to exhaust his state remedies, as he is required to do by 28 U.S.C. § 2254(b) (1976). The Illinois Post-Conviction Hearing Act, Ill.Rev. Stat. ch. 38, §§ 122–1—122–7 (1977), permits a person imprisoned in the penitentiary to institute a proceeding alleging a denial of his federal or state constitutional rights in the proceedings that resulted in his conviction. Clauser filed no petition in state court pursuant to section 122–1.

---

* Robert A. Grant, Senior District Judge for the Northern District of Indiana, is sitting by designation.

1. The third defendant charged in the indictment was a fugitive at the time of trial.

There was also evidence that another agent had signed an affidavit for a search warrant alleging that he had field tested the alleged controlled substance when he had not done so. Clauser states that his motion for acquittal was prompted by these *two* falsehoods. The trial

court's dismissal of the indictment, however, was premised on Brignadello's false testimony to the grand jury.

2. Although Clauser refers to the differing disposition of Jones' motion from his own, the petitioner has not explicitly argued the relevance of the ruling pertaining to Jones. We find that, whatever the trial judge's reasoning at the time he granted Jones' motion but denied Clauser's, the former is irrelevant to our disposition of this appeal.

■ The Supreme Court recently held that when a habeas petition contains both exhausted and unexhausted claims, the district court must dismiss the claim *in toto. Rose v. Lundy,* —— U.S. ——, ——, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982).[3] We must therefore determine whether both Clauser's double jeopardy claim and his incompetence of counsel claim were exhausted at the state level within the meaning of 28 U.S.C. § 2254(b) (1976).

■ We find that Clauser's double jeopardy claim was decided by the Illinois Appellate Court, *People v. Clauser,* 73 Ill. App.3d 145, 29 Ill.Dec. 368, 391 N.E.2d 793 (1979), *cert. denied,* 446 U.S. 908, 100 S.Ct. 1833, 64 L.Ed.2d 260 (1980). That question could not therefore have been raised successfully pursuant to Ill.Rev.Stat. ch. 28, § 122–1 (1977), because of the bar of *res judicata.*

Clauser's second claim pertains to the incompetency of his counsel. He was represented by the same attorney at trial and on his direct appeal. On appeal, his attorney raised only the double jeopardy question. In his brief before this court, Clauser catalogs, with minimal discussion, a number of alleged trial errors which he thinks should have been raised on appeal but were not due to the incompetence of his counsel.

Incompetence of counsel was only one of several issues raised in *United States ex rel. Williams v. Brantley,* 502 F.2d 1383 (7th Cir. 1974). Williams had filed a petition pursuant to the Illinois Post-Conviction Hearing Act and it had been dismissed on the ground that his prior appeal was *res judicata.* He had not appealed this dismissal. The federal district court subsequently dismissed his habeas petition for failure to exhaust state remedies because he had not appealed the state dismissal. A panel of this court reversed the district court's dismissal and remanded for an evidentiary hearing. We found no basis to believe that an appellate court in Illinois would relax the waiver doctrine of *People v. James,* 46 Ill.2d 71, 263 N.E.2d 5 (1970), in regard to Williams' claims. We stated that: "[a] federal petition should be dismissed for failure to exhaust this state remedy only if there is direct precedent indicating that under the particular circumstances of a prisoner's case the waiver doctrine will be relaxed." 502 F.2d at 1386 (footnote omitted).

■ We note first that the posture of this case differs from *Williams* in that Clauser has not suffered a dismissal of a state post-conviction petition; rather, he has never filed one. Second, we find precedent in Illinois law indicating that Clauser's claim of inadequate representation on appeal would be cognizable under the Post-Conviction Hearing Act, Ill.Rev.Stat. ch. 38, §§ 122–1—122–7 (1977). In *People v. Frank,* 48 Ill.2d 500, 272 N.E.2d 25 (1971),[4] the Illinois Supreme Court expressly held that: "the [Post-Conviction Hearing] Act provides a proper vehicle for review of those issues as to which review by direct appeal has been unconstitutionally denied by deprivation of the right to appeal, the right to competent counsel on appeal, or the concept of fundamental fairness." *Id.* at 504, 272 N.E.2d at 27.

Among other points, Frank had argued that the evidence was insufficient to prove his guilt beyond a reasonable doubt. The court noted that this question is not generally within the purview of the Illinois post-conviction remedy, *id.* The court stated that in this case, however, "whether Frank is entitled to review under the Act of the failure-of-proof issue depends upon the determination of his allegation that failure to raise the issue on appeal constituted incompetence of his appointed counsel." *Id.* at 505, 272 N.E.2d at 28.

---

**3.** Prior to the Supreme Court decision in *Rose v. Lundy,* —— U.S. ——, ——, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982), the law in this circuit regarding a habeas petition containing both exhausted and unexhausted claims was that the district court "should reach the merits of the exhausted claims where the unexhausted claims are unrelated or frivolous." *Ware v. Gagnon,* 659 F.2d 809, 811 (1981) (per curiam).

**4.** The *Frank* case was not discussed in this court's opinion in *United States ex rel. Williams v. Brantley,* 502 F.2d 1383 (7th Cir. 1974).

*Frank* makes clear that the various errors alleged pursuant to Clauser's inadequate representation claim would not be deemed waived for purposes of review by the Illinois Post-Conviction Hearing Act, 28 Ill. Rev.Stat. ch. 38, §§ 122–1—122–7 (1977), but would be considered relevant to the determination whether his appellate counsel had performed competently.

Further, although the *Frank* case involved appointed counsel, and arguably limited its holding by that fact, there is no indication in two cases following *Frank* that counsel was court-appointed. *See People v. Edgeworth*, 30 Ill.App.3d 289, 332 N.E.2d 716 (1975); *People v. Rooney*, 16 Ill.App.3d 901, 307 N.E.2d 216 (1974), *cert. denied*, 419 U.S. 1025, 95 S.Ct. 503, 42 L.Ed.2d 300.

We find that *Frank, Edgewater,* and *Rooney* satisfy the requirement of "direct precedent indicating that under the particular circumstances of a prisoner's case the waiver doctrine will be relaxed." *United States ex rel. Williams v. Brantley*, 502 F.2d 1383, 1386 (7th Cir. 1974) (footnote omitted). We therefore find that, as to the issues raised pursuant to Clauser's claim of inadequate representation, the petitioner has failed to exhaust his state remedies.

### III.

[4] Because of Clauser's failure to exhaust his state remedies in regard to his incompetence of counsel claim, the district court could not take cognizance of his double jeopardy claim. *Rose v. Lundy*, —— U.S. ——, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The judgment of the district court denying Clauser's petition for a writ of habeas corpus is therefore vacated and the cause is remanded with direction to dismiss the petition for lack of jurisdiction.