**UNITED STATES of America ex rel. Allen T. SANDERS, Petitioner,**

v.

**Richard DeROBERTIS, Warden, Illinois State Penitentiary, Stateville Correctional Center and Tyrone C. Fahner, Attorney General of the State of Illinois, Respondents.**

**No. 81 C 5449.**

United States District Court, N. D. Illinois, E. D.

June 2, 1982.

Allen T. Sanders, pro se.

Kenneth Fedinets, Asst. Atty. Gen., Chicago, Ill., for respondents.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Allen Sanders ("Sanders") is currently serving a 75–100 year sentence in the Stateville Correctional Center in Joliet, Illinois, for the murder and armed robbery of a Chicago police officer and the attempted murder and armed robbery of another officer. Sanders filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254 alleging seven constitutional violations arising during his state trial. This matter is presently before the Court on respondents' motion to dismiss, *inter alia*, for lack of subject matter jurisdiction.

Of the seven claims set forth in Sanders' petition, six had been raised unsuccessfully before the Illinois Supreme Court in *People v. Sanders*, 56 Ill.2d 241, 306 N.E.2d 865 (1974).[1] Thus, Sanders has exhausted his state court remedies with respect to these six claims as required by 28 U.S.C. § 2254(b). Sanders' seventh claim, however, was not previously raised before the state courts. That claim alleges that Sanders was denied the right to a fair and impartial jury at trial because blacks were under-represented on the voter registration lists from which the names of potential jurors were drawn.

Until recently, the United States Court of Appeals for the Seventh Circuit followed a majority of the circuit courts of appeals in permitting district courts to review the exhausted claims in a mixed habeas corpus petition containing both exhausted and unexhausted claims. *See, e.g., Brown v. Wisconsin State Department of Public Welfare*, 457 F.2d 257, 259 (7th Cir.), *cert. denied*, 409 U.S. 862, 93 S.Ct. 150, 34 L.Ed.2d 108 (1972). In *Rose v. Lundy*, —— U.S. ——, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), however, the United States Supreme Court held that a petition including both exhausted and unexhausted claims must be dismissed in its entirety. The Seventh Circuit recently applied this total exclusion rule in *U. S. ex rel. Clauser v. Shadid*, 677 F.2d 591 (7th Cir. 1982).

Accordingly, Sanders' petition for a writ of habeas corpus is dismissed for lack of subject matter jurisdiction.[2] It is so ordered.

---

1. In *People v. Sanders*, Sanders raised the following due process claims: (1) it was error to admit evidence of prior armed robbery convictions; (2) references made at trial to Sanders' initial arrest were improper; (3) the prosecutor's closing argument was prejudicial; (4) it was error to admit a prior inconsistent statement of a defense witness; (5) it was error to admit statements that Sanders improperly identified himself to two police officers; (6) it was error for the trial court to refuse to order polygraph examinations from Sanders and from an eye-witness police officer.

2. Sanders may file a new petition for a writ of habeas corpus containing his six exhausted constitutional claims. In addition, he may seek review of his as yet unexhausted claim under the Illinois Post-Conviction Act, 28 Ill.Rev.Stat. ch. 38, §§ 122–1—122–7 (1977). It is so ordered.