**John CLAUSER, Petitioner,**

v.

**George P. SHADID, et al., Respondents.**

No. 82–2227.

United States District Court,
C.D. Illinois,
Danville Division.

Feb. 8, 1983.

Julius Echeles, Chicago, Ill., for plaintiff.

Michael Accettura, Asst. Atty. Gen., Springfield, Ill., for respondents.

## ORDER

BAKER, District Judge.

The petitioner, John Clauser, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner alleges that his conviction for delivery of a controlled substance violates the double jeopardy clause of the fifth amendment and the due process clause of the fourteenth amendment. The petitioner has exhausted his state remedies as required by 28 U.S.C. § 2254(b). The respondents have submitted an answer to the petition.

## I.

The petitioner claims that his retrial and conviction offend the double jeopardy clause and the due process clause. The essential facts relating to the petitioner's claim are not in dispute. The petitioner and a co-defendant were tried for unlawful delivery of a controlled substance. During the trial, after the state had presented nearly all of its evidence, it became apparent that certain state law enforcement officers had lied or misrepresented evidence to the grand jury which had indicted the petitioner. The petitioner and his co-defendant, Arthur Jones, moved for a judgment of acquittal, claiming that insufficient evidence existed to sustain a conviction. The trial court declined to grant the motion for acquittal, indicating that adequate and proper evidence had been produced to sustain a conviction. The court concluded, however, that the trial should be terminated, explaining that an indictment based partly on misleading or false testimony or evidence was invalid. Furthermore, the court determined that a conviction based on an invalid indictment could not be upheld on appeal. Record at 193–207.

The petitioner and his co-defendant Jones were subsequently reindicted. Both moved for dismissal of the indictment on the grounds of double jeopardy. The trial court granted Jones' motion but denied the petitioner's motion for dismissal. Upon retrial the petitioner was convicted for the unlawful delivery of a controlled substance, the same offense for which he was first tried.

The petitioner appealed his conviction to the state appellate court on the ground that his reindictment, retrial and conviction violated the double jeopardy clause. His conviction was upheld by the appellate court, which found the United States Supreme Court's decision, *United States v. Scott*, 437 U.S. 82, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978), to be controlling. *People v. Clauser*, 73 Ill.App.3d 145, 29 Ill.Dec. 368, 391 N.E.2d 793 (1979), *cert. denied*, 446 U.S. 908, 100 S.Ct. 1833, 64 L.Ed.2d 260 (1980).

The petitioner in *Scott* moved during trial to dismiss two counts of the indictment on the ground of prejudicial preindictment delay. The Supreme Court dealt with the propriety of a government appeal from the trial court's order granting the petitioner's motion. The Court first determined that 18 U.S.C. § 3731, the statute allowing government appeals from orders dismissing indictments, permitted such appeals except when prohibited by the double jeopardy clause. Turning to an analysis of the fifth amendment proscription of double jeopardy, the Court found that the petitioner, by moving for dismissal on some ground unrelated to his factual guilt or innocence, had deliberately chosen to forego his valued right to have his guilt or innocence determined by the first trier of fact. Consequently, a government appeal and the potential retrial of the petitioner were not barred by the double jeopardy clause.

The state appellate court interpreted *Scott* to hold that double jeopardy is not offended if a dismissal at the request of the defendant is granted on some basis other than the insufficiency of the evidence to sustain a conviction. 73 Ill.App.3d at 146–47, 29 Ill.Dec. 368, 391 N.E.2d 793.

## II.

Subsequently, the petitioner filed this petition for a writ of habeas corpus. The petitioner argues that the state appellate court misapplied the *Scott* decision and claims that his conviction violated the double jeopardy clause and the due process clause. The petitioner first contends that *Scott* does not apply when the petitioner moves only for acquittal, as he did in this case. Rather, *Scott* applies only when a defendant deliberately chooses to terminate the proceedings against him on a basis unrelated to factual guilt or innocence.

The petitioner also argues that his case differs markedly from *Scott* because *Scott* dealt with the propriety of a government appeal from an order favoring a defendant. He argues that his case lacked the safeguard of appellate review of the order terminating the original trial prior to any retrial.

The petitioner makes one further double jeopardy argument. Noting that retrials occasioned by bad faith prosecutorial conduct can offend double jeopardy, the petitioner argues that the misconduct of the state law enforcement officers before the grand jury should be attributed to the prosecutor.

Finally, the petitioner argues that his retrial and conviction violate the due process clause of the fourteenth amendment. He claims that the trial court's ruling which granted his co-defendant's motion for dismissal, but denied the petitioner's motion, shocks the conscience, is fundamentally unfair, and violates due process.

## III.

The respondents have submitted an answer to the petition. The respondents argue that the state appellate court correctly applied *Scott* in determining that the double jeopardy clause was not offended. The appellate court reasoned that the dismissal did not result from insufficient evidence proving the petitioner's guilt, but from the invalidity of the indictment.

The respondents further contend that the United States Supreme Court's decision, *Oregon v. Kennedy,* 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (U.S.1982), disposes of the issues in this case. *Oregon v. Kennedy* dealt with prosecutorial misconduct prompting a defendant to move for a mistrial. The Supreme Court held that double jeopardy was violated only if the prosecutor intended to "goad" the defendant into moving for a mistrial. *Id.* at 675–76, 102 S.Ct. at 2089.

## IV.

After examining the petition, the answer, and the pertinent portions of the transcript of the petitioner's first trial, the court determines that the reindictment, retrial, and conviction of the petitioner do not constitute double jeopardy or violate due process.

The Supreme Court's decision, *Oregon v. Kennedy, supra,* forecloses the petitioner's argument that the prosecutor's actions or conduct offends the double jeopardy clause. The respondents correctly interpret *Oregon v. Kennedy* to hold that the fifth amendment guarantee against double jeopardy is not offended by the termination of a trial occasioned by prosecutorial conduct unless the prosecutor intended to "goad" the defendant into terminating the trial. The record shows no such intent on the part of the prosecutor or any bad faith on his part.

Furthermore, in light of *Oregon v. Kennedy,* the court determines that the conduct of the state law enforcement officers before the grand jury, involving either intentional untruths or negligent misrepresentations, should not be attributed to the prosecutor. Consequently, habeas relief is not merited on this claim.

## V.

The petitioner argues that the *Scott* decision is distinguishable from his case. The court finds the petitioner's argument well founded. *Scott* held that when "the defendant himself seeks to have the trial ter-

minated without any submission to either judge or jury as to his guilt or innocence," a retrial is not barred by the double jeopardy clause. 437 U.S. at 101, 98 S.Ct. at 2199. The petitioner argues that he did in fact submit the issue of his guilt or innocence to the judge by seeking a judgment of acquittal. His only motion was for a judgment of acquittal. He did not seek to terminate the trial on grounds unrelated to guilt or innocence. The judge declined to grant the motion for a judgment of acquittal, terminating the trial on other grounds.

■ In *Scott,* the Supreme Court emphasized that the defendant, by moving to dismiss for prejudicial preindictment delay, deliberately chose to forego his right to have his guilt or innocence decided by the court or jury. *Id.* at 98–99, 98 S.Ct. at 2197–98. Here, the petitioner clearly moved only for a judgment of acquittal. The record does not indicate that he sought to terminate the trial based on the faulty indictment. Record at 194–97. The court does not find that the petitioner deliberately chose to forego his right to have his guilt or innocence decided by the court or jury. *Scott's* holding does not squarely apply in this case. Consequently, the court need not deal with the petitioner's argument that *Scott* is distinguishable because it dealt with the priority of a government appeal from an order favoring the defendant.

## VI.

While the court finds *Scott* to be inapplicable, the court further concludes that the petitioner's fifth amendment double jeopardy rights have not been violated. This case is analogous to the dismissal of an action or the granting of a mistrial without the defendant's consent. Here the petitioner moved only for a judgment of acquittal. While the record does not show that the petitioner offered an objection to the court's termination of his trial based on the faulty indictment, the trial was terminated on this ground without the petitioner's affirmative consent.

■ In this situation, when the trial has been terminated without the defendant's consent, the double jeopardy clause bars retrial unless the trial court's termination of the trial was occasioned by "manifest necessity." *See United States v. DiFrancesco,* 449 U.S. 117, 120, 101 S.Ct. 426, 428, 66 L.Ed.2d 328 (1980). A retrial is permitted to satisfy the public interest in ensuring that justice is done. Finding the original indictment faulty, the state trial court determined that no valid conviction could be based on such an invalid indictment, and thus terminated the trial. Terminating the trial on this ground meets the requirements of "manifest necessity". *See Illinois v. Somerville,* 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973) (the Supreme Court determined that the trial court's dismissal of an indictment, over the petitioner's objection, because the indictment failed to allege a necessary element of the offense, met the "manifest necessity" requirement.)

■ The state trial judge's failure to make an express finding of "manifest necessity" does not detract from this conclusion. An explicit finding of "manifest necessity" is not a constitutional requirement. *Arizona v. Washington,* 434 U.S. 497, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978). The record clearly demonstrates that the trial judge acted responsibly and deliberately when he determined that a conviction based on an invalid indictment could not withstand appeal and that he had no alternative but to terminate the proceedings. Indeed, "[i]f an error would make reversal on appeal a certainty, it would not serve 'the ends of public justice' to require that the Government proceed with its proof when, if it succeeded before the jury, it would automatically be stripped of its success by an appellate court." *Illinois v. Somerville,* 410 U.S. at 464, 93 S.Ct. at 1070.

No double jeopardy violation occurred when the petitioner was reindicted, retried, and convicted. Consequently, the petitioner is not entitled to habeas relief on his double jeopardy claim.

## VII.

■ The petitioner last argues that the trial court's order granting his co-defend-

ant's motion for the dismissal of the second indictment on double jeopardy grounds, while denying the petitioner's identical motion, shocks the conscience, is fundamentally unfair, and violates due process. The petitioner cites no authority supporting his argument. Apparently the trial court had some justification for its rulings. *See* Petition at 4. While the court finds the situation unfortunate, the circumstances are not so egregious as to violate fundamental fairness and due process. Consequently, habeas relief is not warranted on this claim.

IT IS THEREFORE ORDERED that the petitioner's petition for a writ of habeas corpus be, and hereby is, denied.