THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOSEPH MARCHETTI, Appellant.

Court of Special Sessions, City of New York, Appellate Part, First Department, December 31, 1934.

*Joseph A. Marchetti*, for the appellant.

*William C. Dodge, District Attorney [Irving J. Tell* of counsel], for the respondent.

KERNOCHAN, P. J. The appellant is charged with a violation of article 2, section 18, subdivision D, of the Traffic Regulations adopted by the police department of the city of New York under the authority of section 315 of the Greater New York Charter, in that on the 5th day of January, 1934, the appellant did park a vehicle between the hours of two-thirty and five-thirty P. M., near 157 West Thirty-first street, a public highway in the city of New York, borough of Manhattan, in violation of the directions on signs of the police department, displayed on said public highway, and indicating special parking regulations therefor. Upon a trial being had before a magistrate the appellant was found guilty and a fine of five dollars was imposed. From this judgment the appellant appeals to this court.

The following facts are admittedly established: That on the day in question the appellant was the owner of said vehicle; that the registration was in his name and was affixed to said vehicle; that said vehicle was parked at the place and for the time mentioned in the complaint.

In appealing from this judgment the appellant raises two points: One, that the trial court had not acquired jurisdiction of the appellant for the reason that the service of the summons was made pursuant to section 116, subdivision i, of the Inferior Criminal Courts Act, which the appellant contends is unconstitutional and does not give the court jurisdiction.

This court has held that the mere service of a summons upon the appellant does not of itself give jurisdiction over the person of the appellant. (*People* v. *Levins*, 152 Misc. 650.)

In the case at bar, however, the appellant did appear in person and took part in the trial and submitted himself to the jurisdiction of the court by his personal appearance. I am, therefore, of the opinion that the court properly acquired jurisdiction of the appellant.

The second point raised by the appellant contends that the facts adduced at the trial cannot sustain a verdict of guilty.

If this judgment is to be sustained, it is necessary for us to hold that the proved fact of the ownership of the automobile by the appellant raises the presumption that the car was under the control of the appellant, and that, therefore, he is responsible for having violated the provision of the ordinance against illegal parking. Without this presumption no *prima facie* case has been made out.

The prosecution contends that the ownership of the automobile is so closely connected with the operation and control thereof that the owner, in the absence of other evidence, may be presumed to be the operator thereof.

It is a well-known rule of law that the possession of property alone and without explanation is evidence of ownership, but is the lowest species of evidence. It is merely presumptive, and liable to be overcome by any evidence showing the character of the possession, and that it is not necessarily as owner. (*Rawley* v. *Brown*, 71 N. Y. 85.)

Also it is a well-known principle of law that possession of the fruits of crime recently after its commission is *prima facie* evidence of guilty possession and must be explained in a satisfactory manner to the triers of the facts.

In the case of *People* v. *Galbo* (218 N. Y. 283) CARDOZO, J., gives us a clear and able discussion of this presumption and its limitations.

On the civil side, where a plaintiff is injured and the agency causing it is exclusively under the control of the defendant, and the accident, which ordinarily could not occur without negligence, did occur, the mere happening of the accident itself may be sufficient to raise a presumption of negligence. (See Richardson Ev. § 94.)

The circumstances in a case such as this one permits the application of the maxim *res ipsa loquitur*. " The maxim is also in part

based on the consideration that where the management and control of the thing which has produced the injury is exclusively vested in the defendant, it is within his power to produce evidence of the actual cause that produced the accident, which the plaintiff is unable to present." (*Griffen* v. *Manice*, 166 N. Y. 188, at p. 193.)

Granting that the mere ownership of an automobile is not evidence of exclusive control, still it is well within the owner's power to produce evidence as to who was or was not in control, evidence which the People are in most cases unable to present.

I hold, therefore, in this case, given evidence of ownership and illegal parking, the prosecution may rest their case upon a presumption of guilt, making it incumbent upon the defendant to produce evidence that would negative this presumption. Presumptions need not always be provided for by statute, as conclusively appears from the cases above cited and numerous others.

Judgment affirmed.

All concur; present, KERNOCHAN, P. J., SALOMON and DALE, JJ.