STATE EX REL. WOJTYCSKI, Appellant, vs. HANLEY, Sheriff, Respondent.

*November 20—December 4, 1945.*

The cause was submitted for the appellant on the brief of *William F. Quick* of Milwaukee, and for the respondent on the brief of the *Attorney General, William A. Platz,* assistant attorney general, *William J. McCauley,* district attorney of Milwaukee county, and *John S. Barry,* deputy district attorney.

FAIRCHILD, J.   Relator insists that there is no competent evidence in the record upon the preliminary examination connecting him with the crime with which he is charged, and that therefore the examining magistrate exceeded his jurisdiction in binding relator over for trial.   The rule is that upon pre-

liminary examination, if it shall appear that a crime has been committed and there is probable cause to believe the prisoner guilty, he is to be committed for trial. Sec. 361.18, Stats. The test is whether the evidence worthy of consideration, in any aspect for the judicial mind to act upon, brings the charge against the prisoner within the reasonable probabilities. *State v. Whatley* (1933), 210 Wis. 157, 245 N. W. 93; *State ex rel. Durner v. Huegin* (1901), 110 Wis. 189, 85 N. W. 1046. It is not necessary on a preliminary examination to establish the guilt of the defendant beyond reasonable doubt.

The relator, here, rests his petition on two alleged grounds, (1) that the signature on the check was not identified as that of the relator, and with relation to that matter his position is well taken. However, as to the second ground, that the bottles of liquor offered in evidence cannot be considered because they were illegally seized, that point is not well taken. As appears in the statement of facts, when the officers were placing the relator under arrest, pursuing him into the attic in his mother's home, they found bottles of whiskey and wine. The testimony of Detective Oscar Tschury is that these bottles were found as he and the other officer were going up the stairway into the attic where they placed the relator under arrest; that two cases were stumbled over but the resistance of the relator made it impossible for the officers to take the liquor with them at that time. The law does not prevent the state from using evidence thus discovered. Under the circumstances then existing, the officers were lawfully upon the premises and were expected to see that which was apparent. *State v. Hoffman* (1944), 245 Wis. 367, 14 N. W. (2d) 146. Upon the officers' return, they were given permission to take the stolen bottles with them. The facts referred to in the preceding statement clearly establish the materiality and competency of this evidence. There was no illegal search. The evidence was discovered while the arrest was taking place and was voluntarily put in the custody of the police officers who were lawfully in the house.

In addition, there was before the examining magistrate, a statement by the relator in a conversation with the chief of police when discussing the matter of the crime, that "If I admit to the Hayek robbery, that's the key to all of the jobs. So, I won't admit or deny it." In the case of *Collins v. State* (1902), 115 Wis. 596, 92 N. W. 266, a statement by a defendant, in which he offered to settle, was held admissible. And in the case of *Roszczyniala v. State* (1905), 125 Wis. 414, 419, 104 N. W. 113, such words as "'Forgive me. Wait until my mother comes to make it up to you' or somewhat similar words, varied by the different witnesses" were ruled to be in the nature of admissions. And in the case of *State v. Zuehlke* (1941), 239 Wis. 111, 119, 300 N. W. 746, it was held to be no error to admit in evidence words to this effect: "That he would plead guilty but for the effect it would have on his mother."

In any event the writ was properly quashed on the grounds set forth in the opinion of the circuit court. The learned circuit judge said: "The sheriff in this matter has made a return to the writ heretofore issued, to which is attached the judgment roll of the municipal court of Milwaukee county, being a court of concurrent jurisdiction with this court, and also a copy of a plea in abatement filed by the defendant. . . . From the judgment roll it appears that on September 11th a plea in abatement, in writing, was filed. The judgment roll further shows that arguments on said plea proceeded and were concluded. Said plea was overruled by the court. The defendant thereupon was arraigned and pleaded not guilty." In entering his plea in abatement, relator acknowledged and submitted to the jurisdiction of the municipal court.

"The writ of *habeas corpus* is concerned solely with the legality of restraint at the time of the filing of the petition for its issue, or by the condition existing at the time of the hearing or final decision thereon, and does not depend on the legality or illegality of the original" arrest or binding over, 39 C. J. S., Habeas Corpus, p. 443, sec. 13.

At the time the writ was filed in the instant case, relator had appeared in the municipal court and entered a plea of abatement, and upon the overruling thereof, a plea of not guilty. Jurisdiction to try an offender for a crime of which the court has jurisdiction is obtained by his appearance in court, and by pleading guilty or not guilty, jurisdiction of his person is conferred on the court. 22 C. J. S., Crim. Law, p. 244, sec. 147; *Nahas v. State* (1939), 215 Ind. 614, 21 N. E. (2d) 140; *People v. Marchetti* (1934), 154 Misc. 147, 276 N. Y. Supp. 708; *Higginbotham v. State* (1924), 20 Ala. App. 159, 101 So. 166. Hence, there was no illegal detention when the *habeas corpus* was filed, and the writ cannot issue. If there was error committed in overruling relator's plea, the remedy is by appeal from the final judgment, or by writ of error. "The writ of *habeas corpus* tests jurisdiction. It never performs the function of a writ of error." *State ex rel. Reynolds v. Circuit Court* (1927), 193 Wis. 132, 140, 214 N. W. 396.

*By the Court.*—Order affirmed.