STATE EX REL. LA FOLLETTE, Attorney General, Petitioner, v. MOSER, County Judge, Respondent.

*January 12—February 1, 1966.*

For the petitioner the cause was argued by *Joseph J. Esser*, assistant corporation counsel of Milwaukee county, with whom on the brief were *Bronson C. La Follette*, attorney general, *William A. Platz*, assistant attorney general, and *Robert P. Russell*, corporation counsel.

For the respondent there was a brief by *Frisch, Dudek, Banholzer & Slattery*, attorneys, and *Edward A. Dudek* and *Robert A. Slattery* of counsel, all of Milwaukee, and oral argument by *Edward A. Dudek*.

WILKIE, J. This original action concerns the effect of *White* on paternity actions which have not been finalized but which have proceeded at least to the point of appearance before the trial court [2] after a bindover following a preliminary examination.[3] The precise issue

[2] Sec. 52.31 (1), Stats. "WHEN BOUND OVER FOR TRIAL; NEW PROCEEDINGS, WHEN HAD IF DISCHARGED. (1) If the defendant does not enter into a settlement agreement with the complainant as provided in s. 52.28 or 52.29 and there is probable cause to believe him to be the father of the child, the court or court commissioner shall cause him to be bound over for trial at the next term of the circuit or county court for the proper county."

[3] Sec. 52.27, Stats. "PRELIMINARY EXAMINATION. On the entry of defendant's plea denying paternity, or on the date to which the matter is then adjourned, the court or court commissioner shall examine the complainant under oath respecting the cause of complaint; the defendant may cross-examine her and put any questions necessary for his defense. Witnesses may be examined on behalf of either party. If the defendant does not appear, the court

is whether the county court erred in granting an alleged father's motion to dismiss the proceedings against him for the reason that the arrest warrant was constitutionally defective under *White* when the motion was made for the first time only after the defendant had been arraigned and entered a plea of not guilty before one branch of the county court which then held a preliminary and bound the defendant over to another branch of the county court for trial, and after he had appeared in such court and his trial therein had proceeded to the point that the state's case had already been completed.

The issue in this case is substantially the same as that in *State ex rel. La Follette v. Raskin,* ante, p. 39, 139 N. W. (2d) 667, and the holdings therein are controlling here except as differentiated or modified by this opinion.

A paternity action is considered to be a civil special proceeding.[4] By failing to object [5] at his initial appearance, without appearing specially as in *White,* to the jurisdiction of the trial court over his person, Shields has waived any objection he has in this regard under

or court commissioner shall proceed in the same manner as though he were present, and shall make such orders as if the defendant were in court. The court or court commissioner may exclude the public from attendance at such examination. All testimony taken and proceedings had shall be reduced to writing; and the proceedings for cause shown may be adjourned from time to time."

[4] Sec. 52.45, Stats., provides, in part, that: "Any proceeding commenced under the foregoing sections is a civil special proceeding, . . . Such proceeding shall be commenced and conducted and the orders and judgments therein enforced according to the provisions of these statutes with respect to civil actions and civil proceedings in courts of record, as far as applicable . . . ." See also *State ex rel. White v. Simpson, supra,* footnote 1, at page 596; *State ex rel. Sowle v. Brittich* (1959), 7 Wis. (2d) 353, 356, 96 N. W. (2d) 337.

[5] Sec. 262.16 "(2) *How and When Objection Shall be Made.* . . . (a) By motion when a defect is claimed in the service of the summons without a complaint; or when the defect appears upon the face of the record other than the complaint; or in case of a judgment on cognovit or by default; . . ."

sec. 262.16 (1) [6] and (6),[7] Stats. This has been the law in Wisconsin since long before the enactment of ch. 262. In *Damp v. Town of Dane* [8] it was recognized that:

"A party may do or omit to do many acts which will operate to give the tribunal jurisdiction of his person. If he appears before the tribunal wherein the action or proceeding is pending, and submits his case to its judgment, or if he fails, at the earliest opportunity, or within reasonable time, to make the objection that such tribunal has not acquired jurisdiction of his person, he thereby waives such objection, and will not afterwards be heard to make it." [9]

Arguing that a paternity action is a hybrid proceeding, particularly in that the arrested person must appear immediately before the court without the benefit of counsel, defendant takes the position that the rules of civil procedure should not be applied in this case. However, since the legislature specifically provided that paternity actions shall be "commenced and conducted . . . according to the provisions of these statutes with respect to civil actions and civil proceedings in courts of record" [10] and since there are no statutory rules which would govern such a "hybrid" case, the procedures in ch. 262, Stats., should control in the absence of any contrary provisions in sec. 52.45.

---

[6] Sec. 262.16 "RAISING OBJECTION TO PERSONAL JURISDICTION, GENERAL APPEARANCE. (1) *General Appearance.* An appearance of a defendant who does not object to the jurisdiction of the court over his person is a general appearance and gives the court personal jurisdiction over him."

[7] Sec. 262.16 "(6) *Waiver of Objection to Lack of Personal Jurisdiction.* Except as provided in sub. (5), an objection to the jurisdiction of the court over the person is waived if not made as provided in this section."

[8] (1872), 29 Wis. 419.

[9] Id. at page 432. Other early cases to the same effect are: *Hohl v. Town of Westford* (1873), 33 Wis. 323, 328; *State ex rel. McCurdy v. Tappan* (1872), 29 Wis. 664, 687.

[10] Sec. 52.45, Stats.

In *White,* objection to the invalidity of the arrest was not made at the very first appearance of the defendant in court in response to his arrest. At this appearance he was assigned counsel and then at his first appearance counsel appeared specially and made the motion that later was upheld by the court in *White.* The state concedes that such a motion as then made was timely.

A motion to dismiss on the basis that the arrest was invalid (on the grounds of *White*) to be timely must be made when the defendant appears in court and before he is arraigned and enters a plea. It makes no difference that his arraignment in a paternity action is before the preliminary and at an earlier stage than in the criminal proceedings considered in *Raskin.* Before he is arraigned and pleaded he should make his motion. Once the defendant has been arraigned and has pleaded the court has assumed jurisdiction of his person.

Emphasizing that the waiver doctrine contemplates the relinquishment of a known right, defendant argues that Shields could not possibly have invoked the *White* rule since that case was not decided until after his arrest, bindover, and partial trial. However, this analysis ignores the reliance of *White* on *Giordenello v. United States,*[11] a case which had announced the same propositions in 1958. Thus, the basic ground rules were established long before Shields probably even had designs on the complainant, and the failure to make proper and timely objection amounts to a waiver.

*By the Court.*—Issuance granted of writ of mandamus to compel County Judge WILLIAM R. MOSER of Branch No. 10 of the county court of Milwaukee county to proceed with trial in the case of *State of Wisconsin v. Edward Shields.*

CURRIE, C. J. (*concurring*). The rule adopted in the court's opinion, which holds that any objection to the suf-

[11] (1958), 357 U. S. 480, 78 Sup. Ct. 1245, 2 L. Ed. (2d) 1503.

ficiency of the warrant must be made before entering a plea on arraignment in order to be timely, does not rest upon waiver by defendant of a known right. Once the court has jurisdiction of the defendant by entry of his plea any invalidity of the arrest is immaterial. The arrest only serves the purpose of getting the defendant before the court for arraignment, and when the latter point has been reached the arrest drops out of the picture.

Thus once the proceeding gets past the arraignment step it is purely a policy and not a constitutional decision as to whether or not to permit the validity of the arrest to be thereafter questioned. This court has determined there will be sufficient discouragement of use of constitutionally tainted warrants by law enforcement officers if the defendant is permitted to raise the issue up to time of pleading on the arraignment. Furthermore, if the objection is timely made and the trial court erroneously rules against defendant on the warrant issue, this policy is sufficiently effectuated by permitting review thereof at any time up to the time judgment of conviction is finalized by expiration of the time for appeal or issuance of a writ of error, but not by collateral attack thereafter.

I am authorized to state that Mr. Justice FAIRCHILD joins in this concurring opinion.