STATE, Respondent, v. KUECEY, Appellant.

*No. State 86. Argued October 3, 1973.—Decided October 30, 1973.*
(Also reported in 211 N. W. 2d 453.)

For the appellant there were briefs and oral argument by *Patrick J. Devitt,* Legal Aid Society of Milwaukee.

For the respondent the cause was argued by *Robert D. Martinson,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

CONNOR T. HANSEN, J.   On June 6, 1969, at about 10:30 p. m., as Leon Olowiak was preparing to go to bed, he heard a noise in another part of his house and went to investigate.  He was confronted by the defendant who struck him about the head several times and knocked him unconscious.

At approximately 11 p. m. on the same evening, the defendant was arrested for drunk and disorderly conduct in the parking lot of a shopping center about five blocks from Olowiak's residence.  Olowiak's home and the

shopping center are both in the city of Greenfield, Milwaukee county, Wisconsin. This arrest was predicated on an officer's observation of the defendant's apparent state of intoxication getting into his car at the shopping center and attempting to drive it. He did not have a driver's license and there was open beer in the car. The defendant was taken to the Greenfield police station. Two officers observed that the defendant's clothing was torn and his right hand was bleeding and beginning to swell. He was unable to give a satisfactory explanation for the wound. The officers also noticed the defendant was wearing a wristwatch. Its unusual wristband attracted their attention. The defendant told an officer he was living with a cousin and had recently painted the basement with light green paint. The defendant was held overnight and released the following morning.

The same morning, but after the defendant had been released, Olowiak came to the police with a hunting cap with bluish-green paint spots on it which he had found next to his residence. Also that same morning, a Mr. Thill, who lived in an upstairs apartment in Olowiak's house, called the police and reported his watch had been stolen the previous night. The watch he described was similar to the one the officers had observed on the defendant's wrist the night before.

The officers then went to the defendant's residence in the city of Milwaukee. No warrant had been issued for his arrest. The officers were admitted to the residence by a woman who took them to the defendant, who at the time was lying on a couch. They placed the defendant under arrest, advised him of his constitutional rights and removed the watch from his wrist.

The incident at Olowiak's residence occurred on a Friday night. The following Monday, Olowiak was sitting in the district attorney's office. He had not been asked to identify the defendant because the officers

testified they did not think he would be able to do so. However, when the defendant was brought into the district attorney's office, Olowiak spontaneously identified him by stating, "That's the one right there. . . . That's him," pointing to the defendant.

## *Issues.*

In the defendant's motion for postconviction relief, pursuant to sec. 974.06, Stats., brought more than one year after his conviction, the following issues are raised, all for the first time:

1. The arrest of the defendant was illegal because (a) the arrest was made by police officers beyond the territorial limits of the municipalities, (b) no warrant had been issued, and (c) there was no probable cause sufficient to support the arrest.

2. Since it is alleged the arrest was illegal, the evidence obtained incidental thereto, is inadmissible.

3. The identification of the defendant by the victim was so impermissibly suggestive that the defendant was denied due process of law.

After examination of the record, we find no arguable merit to any of the issues raised by the defendant on this appeal.

However, more important, is the fact that none of the issues here presented were raised at, or prior to, the time of trial. They are raised for the first time more than one year after the date of conviction by means of a motion for postconviction relief under sec. 974.06, Stats.

We consider that even if there were merit to the defendant's challenges to his arrest and the admission of evidence, they have not been properly raised. Such

challenges must be raised by motion before trial, or be deemed waived.[1]

On a number of occasions, we have pointed out the distinction between subject matter jurisdiction and personal jurisdiction of the defendant in criminal proceedings. *State ex rel. La Follette v. Raskin* (1966), 30 Wis. 2d 39, 45, 139 N. W. 2d 667; *Pillsbury v. State* (1966), 31 Wis. 2d 87, 92, 142 N. W. 2d 187; *Lampkins v. State* (1971), 51 Wis. 2d 564, 187 N. W. 2d 164; *State v. Chabonian* (1972), 55 Wis. 2d 723, 201 N. W. 2d 25. Here no issue is raised as to subject matter jurisdiction. The trial court had lawful authority to inquire into the charge of the crime, to apply the law and to declare the judgment and sentence. The defendant having entered a plea, with no timely objection having been made to personal jurisdiction, no defect in that respect can now be claimed.

It was held in *Lampkins v. State, supra,* pages 570, 571, that:

". . . Failure of probable cause to arrest goes to the question of jurisdiction over the person. '. . . Jurisdiction does not depend upon the warrant but upon the accused's physical presence before the magistrate. . . .'

" '. . . [A] defendant who has appeared in court with counsel without contesting the validity of the arrest,

---

[1] "971.31 Motions before trial. . . .

"(2) Except as provided in sub. (5), defenses and objections based on defects in the institution of the proceedings, insufficiency of the complaint, information or indictment, invalidity in whole or in part of the statute on which the prosecution is founded, or the use of illegal means to secure evidence shall be raised before trial by motion or be deemed waived. The court may, however, entertain such motion at the trial, in which case the defendant waives any jeopardy that may have attached. The motion to suppress evidence shall be so entertained with waiver of jeopardy when it appears that the defendant is surprised by the state's possession of such evidence."

has submitted to the jurisdiction of the court and has waived his right to attack the arrest warrant.'

"Because the alleged defect in both instances is the lack of probable cause, the analysis is the same whether the arrest is made with or without a warrant. . . ."

The record further shows that at no time prior to verdict did the defendant claim that any evidence whatsoever was illegally obtained, or that it was seized pursuant to an alleged illegal arrest. This evidence included the watch, bloodstains and slivers of glass obtained from defendant's clothing. Any claim that evidence was improperly seized or admitted at trial is effectually foreclosed and waived by the defendant's complete failure to raise the question at any time prior to or during the trial. *Lampkins v. State, supra;* sec. 971.31 (2), Stats.

Challenge is also made to the pretrial identification of the defendant by the victim in the office of the district attorney on the Monday following the incident. During the trial, defense counsel cross-examined the victim as to whether he could identify the defendant aside from their meeting in the office of the district attorney. Olowiak testified that he had seen enough of the defendant on the night of the crime to spontaneously identify the defendant in the district attorney's office and at the trial. Therefore, it is obvious that defendant knew that Olowiak had identified him on the Monday following the crime. No objection was made that this appearance was unnecessarily suggestive. Therefore, even if grounds for such an objection existed, it was effectively waived. *State v. Cole* (1971), 50 Wis. 2d 449, 453, 454, 184 N. W. 2d 75. Also the trial court observed in its findings, made in connection with the postconviction motion, that there was sufficient circumstantial evidence, even without any identification, to sustain the jury's verdict of guilty. We agree.

*By the Court.*—Order affirmed.