Ronald Jeffery SCIRICA, Petitioner and Appellant,

v.

STATE of South Dakota, Respondent.

No. 12305.

Supreme Court of South Dakota.

May 18, 1978.

Timothy J. McGreevy of Dana, Golden, Moore & Rasmussen, Sioux Falls, for petitioner and appellant.

Leann Larson Finke, Asst. Atty. Gen., Pierre, for respondent; William J. Janklow, Atty. Gen., Pierre, on brief.

WINANS, Retired Justice.*

This is an appeal from denial of a petition for post-conviction relief challenging the qualifications of one member of the South Dakota Board of Pardons and Paroles. The Circuit Court, Second Judicial Circuit, denied the petition, and we affirm that decision.

On March 20, 1975, Ronald Scirica was sentenced to the South Dakota Penitentiary for second degree rape and first degree robbery. He received a six-year sentence on the robbery conviction and an indeterminate sentence of ten to twenty years on the rape conviction. On April 23, 1976, the Board of Pardons and Paroles set Scirica's indeterminate sentence on the rape conviction at twenty years. He then petitioned the circuit court for post-conviction relief, seeking to have the rape sentence set aside because one of the members of the Board of Pardons and Paroles, Milton Kuhl, was not qualified to sit on that board. Mr. Kuhl was appointed by the Attorney General's office to sit on the board as a Special Assistant Attorney General. He graduated from the University of Iowa School of Law in 1948, but was not a member of the South Dakota Bar at the time he was sitting on the board in this matter.

The challenge to Mr. Kuhl's qualifications is based on the fact that he is not licensed to practice in South Dakota, and the fact that he was appointed as a "Special Assistant Attorney General" rather than an "Assistant Attorney General" as required by SDCL 23–58–1. Because we conclude that the qualifications of a de facto public officer cannot be challenged by a collateral attack, we need not determine whether Mr. Kuhl was qualified to sit on the board.

SDCL 23–52–1 allows a petition for post-conviction relief by one who claims that his conviction or sentence "is otherwise subject to collateral attack upon any ground of alleged error heretofore available * * ." This court has stated, however, that the acts of a de facto officer cannot be collaterally attacked. *State v. Ness*, 1954, 75 S.D. 373, 65 N.W.2d 923. In *Ness*, defendants convicted of assault and battery challenged the legality of the municipal court which convicted them. This court defined the term "officer de facto" in this way:

> " ' "An officer de facto is one whose acts, though not those of a lawful officer, the law, upon principles of policy and justice, will hold valid, so far as they involve the interests of the public and third persons, where the duties of the officer are exercised * * * [u]nder color of a known election or appointment, void because the officer was not eligible * * * ." ' " 75 S.D. at 376, 65 N.W.2d at 924.

The court went on to state that the qualifications of the de facto officer must be challenged in a proceeding specifically brought to try his title to the office, not by a collateral attack. In a similar case in which defendants challenged their convictions on the basis of a magistrate's lack of authority, the Wisconsin Supreme Court stated that the acts of a de facto officer "are binding and valid until the individual is ousted from his office by the judgment of a court in a direct proceeding to try his title to the office." *Walberg v. State*, 1976, 73 Wis.2d 448, 243 N.W.2d 190. See also *In re Hans*, 1963, 174 Neb. 612, 119 N.W.2d 72.

* In accordance with SDCL 16–1–5.

Since Mr. Kuhl clearly fits within the definition of de facto officer cited above, we conclude that his qualifications are not subject to collateral attack and affirm the decision of the circuit court in dismissing the petition.

We wish to make it clear that we express no opinion as to whether or not an assistant attorney general appointed pursuant to SDCL 1–11–4 has the same discretion and authority as a "special assistant" appointed pursuant to SDCL 1–11–5, since that issue is not before the Court.

The judgment of the circuit court dismissing the petition is affirmed.

All the Justices concur.

WINANS, Retired J., sitting for ZASTROW, J., disqualified.