STATE of Wisconsin, Plaintiff-Appellant,

v.

Ann M. WALDOCH, Defendant-Respondent.†

Court of Appeals

No. 84–405–CR. *Submitted on briefs September 17, 1984.—
Decided November 7, 1984.*
(Also reported in 360 N.W.2d 693.)

For the plaintiff-appellant, the cause was submitted
on the briefs of *Bronson C. La Follette,* attorney gen-
eral, and *Marguerite M. Moeller,* assistant attorney
general.

For the defendant-respondent, the cause was sub-
mitted on the brief of *Nila Jean Robinson* of *Robinson,
Smith & Robinson, of Appleton.*

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

NETTESHEIM, J. The state appeals an order of
the trial court dismissing an information filed against
Ann M. Waldoch. The trial court dismissed the infor-
mation after ruling that no probable cause existed to

---

† Petition to review denied.

support Waldoch's arrest. Because the trial court acquired personal jurisdiction over Waldoch by virtue of a summons and complaint issued pursuant to sec. 968.04 (2) (a) and (3) (b), Stats., and not by virtue of any arrest, we reverse and remand.

Waldoch was the driver of a motor vehicle which rear-ended a line of three vehicles stopped in the southbound lane of traffic on Highway 41 in the city of Menasha, Winnebago county, on September 10, 1983. Following a preliminary hearing, an information was filed charging Waldoch with: (1) homicide by the operation of a motor vehicle while under the influence of an intoxicant, pursuant to sec. 940.09(1) (a), Stats.; (2) homicide by the operation of a motor vehicle while having a blood alcohol concentration of 0.10% or more by weight of alcohol, pursuant to sec. 940.09(1) (b) ; (3) injury by the operation of a motor vehicle while under the influence of an intoxicant, pursuant to sec. 940.25 (1) (a), Stats., and (4) injury by the operation of a motor vehicle while having a blood alcohol concentration of 0.10% or more by weight of alcohol, pursuant to sec. 940.25 (1) (b).

Following the bindover after preliminary hearing, Waldoch filed various motions, including a motion to dismiss based on lack of probable cause to arrest.

After conducting an initial investigation at the accident scene, Officer Ted Zolkowski proceeded to Theda Clark Hospital presumably to interview Waldoch as the suspected driver of the striking vehicle. Upon his arrival at Theda Clark, Zolkowski was told that Waldoch was in no condition to speak to him and that she was being taken immediately into surgery. Officer Zolkowski then issued a uniform traffic citation and complaint citing Waldoch for operation of a motor vehicle while under the influence of an intoxicant. He left the citation with hospital personnel. He also requested that a blood-

alcohol sample be taken from Waldoch. An analysis of this sample later revealed Waldoch's blood-alcohol content to be .157%. Thereafter, on October 17, 1983, Waldoch was served with a summons and complaint to which she responded by making an initial appearance on October 31, 1983.[1] At this hearing, Waldoch was released on a signature bond.

While we appreciate that the thrust of the motion and the evidence before the trial court addressed the question of whether probable cause existed to arrest Waldoch, we nonetheless conclude that Waldoch's appearance in the trial court was not obtained as the result of any arrest of her at the hospital on September 10, 1983. Rather, her appearance was secured by response to the summons and complaint issued on October 7, 1983 and served on her by substituted service the following day. Section 968.04(1), Stats., provides in part as follows:

If it appears from the complaint . . . that there is probable cause to believe that an offense has been committed and that the accused has committed it, the judge shall issue a warrant for the arrest of the defendant or a summons in lieu thereof.

Section 968.04(2)(a) provides as follows:

In any case the district attorney, after the issuance of a complaint, may issue a summons in lieu of requesting the issuance of a warrant.

Personal jurisdiction is dependent upon the defendant's physical presence before the court pursuant to a properly issued warrant, a lawful arrest, or a voluntary appearance. *Walberg v. State,* 73 Wis. 2d 448, 457–58, 243

---

[1] The record does not reveal when Waldoch was released from the hospital. The certificate of service attached to the summons and complaint reveals that Waldoch was served by substituted service upon her mother.

N.W.2d 190, 195 (1976). In *Laasch v. State,* 84 Wis. 2d 587, 267 N.W.2d 278 (1978), the defendant had been arrested and then released at the direction of an assistant district attorney. Thirteen days later she was rearrested without a warrant on the same charge. In rejecting the state's argument that personal jurisdiction was obtained and continued as a result of the first arrest, the supreme court said:

> The instant defendant was not brought before a judge during the period of her initial arrest and no warrant was issued or served upon her. Although bail was set for her over the telephone, no bail was posted by the defendant, and she was released by the direction of the assistant district attorney. This does not constitute "physical presence" sufficient to confer personal jurisdiction. The trial court therefore did not obtain personal jurisdiction incident to the initial arrest.

*Id.* at 590, 267 N.W.2d at 281.

Irrespective of whether Waldoch was arrested at the hospital, her physical presence before the trial court was not obtained incidental thereto. The procedure selected by the district attorney in this case was the issuance of a summons. Waldoch responded to the summons, and the trial court thereby obtained personal jurisdiction over her. Insofar as probable cause governs the matter of personal jurisdiction in this case, the question is whether the complaint was sufficient to establish probable cause and not whether probable cause existed to arrest Waldoch on September 10, 1983.[2]

We therefore reverse the order of the trial court and remand the matter for further proceedings. This will

---

[2] The trial court has already ruled on this question and found the complaint to be sufficient.

initially require the trial court to address the remaining motions, including the motion to suppress the blood test result, filed in response to the information.[3]

The matter is therefore remanded to allow the trial court to fully address the remaining motions of Waldoch and for other appropriate proceedings as necessary.

*By the Court.*—Order reversed and cause remanded for further proceedings.

---

[3] While probable cause is an important consideration to be addressed on the question of suppression of evidence and it may appear that the trial court's probable cause ruling warrants our consideration of this issue, we nonetheless conclude that our addressing this question at this point would be premature. There may, perhaps, be other grounds properly explored before it ultimately should be determined whether evidence should be suppressed. The trial court has not as yet ruled on the suppression. We conclude that the trial court should fully litigate and address all matters which bear upon the suppression of evidence before any appellate review is undertaken.